Lawrence F. CAFERO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 433, Docket 28622.

United States Court of Appeals Second Circuit.

Argued April 21, 1964.

Decided Aug. 27, 1964.

Gene Crescenzi, New York City, for petitioner.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, George B. Driesen, Attys., N. L. R. B., for respondent.

Before WATERMAN, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

This is a petition brought pursuant to Section 10(f) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq., to review an order of the National Labor Relations Board dismissing a complaint of an employee which charged the respondent union with having violated Sections 8(b) (1) (A) and 8(b) (2) of the Act. Petitioner, who has been a member of the respondent union and a night shift proofreader at the New York Times since 1946, and who enjoyed senior job security status, was, at the union's insistence, dropped to the bottom of the Times's seniority list in 1962 after it had been discovered that petitioner was also employed full time during the day as a junior high school principal and had been steadily employed on a full time basis as either a teacher or a principal for the previous thirteen years. Section 33(f) of the collective bargaining agreement then in effect between respondent and the Times provided that an employee like petitioner might engage in pursuits other than composing room work for a period not exceeding 90 days per year without the loss of seniority job priority, and a union rule provided that "members who have full-time employment at other occupations are classed as 'N.A.T.' [not-at-trade] and are not eligible for employment at the printing trade except with the permission of proper officers of the local union when all available substitutes are employed."

We think that we are compelled by this Court's recent decision in N. L. R. B. v. Miranda Fuel Co., 326 F.2d 172 (2 Cir. 1963), to affirm the Board's dismissal of petitioner's complaint. A synthesis of the majority and concurring opinions in that case indicates that a complainant such as petitioner must show, at the very least, that the union has arbitrarily or capriciously discriminated against him. This petitioner has failed to do. The determination by the National Labor Relations Board that the employment rule pursuant to which petitioner's seniority priority was revoked, being designed to insure that available positions in the printing trade would go to those workers in the trade who most needed the employment, was not inherently discriminatory, cf. Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953), and the record amply supports the Board's conclusion

that the rule was not discriminatorily applied in practice.

The Board's order dismissing the complaint is affirmed and the petition to review that order is denied.